DECISION AND JUDGMENT ENTRY
Refrigerated Construction Services, Inc. ("RCS") appeals the decision of the Pike County Court of Common Pleas that denied its motion to dismiss or in the alternative to stay the trial court's proceedings. RCS argues that since the parties signed a contract that included an arbitration agreement, the dispute should be submitted to binding arbitration. Ritchie's Food Distributor, Inc. ("Ritchie's") contends that there was no meeting of the minds as to arbitration, thus rendering the arbitration clause unenforceable. Because we find that the trial court did not render a final decision on the existence of an enforceable arbitration clause, we dismiss the appeal.
In 1999, RCS and Ritchie's entered into a construction contract in which RCS was to construct a refrigerated warehouse in Pike County, Ohio. Ritchie's agreed to pay RCS approximately $1,400,000 for this warehouse. Upon completion of the project, Ritchie's paid all but $40,000 of the contract price, claiming that there were problems with the construction of the building.
Referring to the arbitration clause in the contract, RCS demanded that the dispute be submitted to arbitration. Ritchie's responded by filing a complaint in the Pike County Common Pleas Court for breach of contract. Ritchie's also filed a motion to enjoin the arbitration. RCS replied by filing a motion to dismiss the complaint or to stay the proceedings pending arbitration under R.C. 2711.02. After review, the trial court found that there was uncertainty as to whether there was a meeting of the minds on the arbitration clause of the contract. Thereafter, the court overruled RCS's motion to dismiss and enjoined any further arbitration proceedings. RCS then filed a motion to vacate the order or to stay the proceedings pending appeal. The court held a brief hearing, in which the motion was overruled. RCS filed this timely notice of appeal, raising the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY FINDING THERE WAS A QUESTION AS TO THE MEETING OF THE MINDS REGARDING THE ARBITRATION CLAUSE IN THE CONTRACT BETWEEN THE PARTIES."
SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY FAILING TO STAY THE LITIGATION PURSUANT TO R.C. 2711.02."
THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY ENJOINING THE ARBITRATION."
In a proceeding under R.C. 2711.02(D), an order that denies a stay of the action pending arbitration is a final appealable order. Because we determine that the trial court has yet to reach the merits of appellant's motion for a stay, we dismiss the appeal and remand for further proceedings.
Appellant sought both to dismiss the breach of contract action under Civ.R. 12(B)(6) and alternatively, to stay that action under R.C. 2711.02. It did not seek an order compelling arbitration under R.C. 2711.03. These two statutes provide for separate and distinct remedies for enforcement of an arbitration agreement. Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96, 100, 603 N.E.2d 1141. R.C. 2711.02 provides for indirect enforcement of an arbitration agreement by staying pending trial court proceedings on an issue that is subject to arbitration.[1]
R.C. 2711.03 provides for direct enforcement by a petition to a trial court for an order compelling arbitration.[2] Id. In either type of proceeding, the very existence of an agreement to arbitrate can be an issue that the court must resolve. Under the latter section either party has the right to a jury trial if the existence of an agreement for arbitration is an issue. Under the former statute, the trial court may, but need not hold an actual trial in determining whether the issue involved in the underlying trial court proceeding is referable to arbitration under a valid arbitration agreement. Cross v. Carnes (1998),132 Ohio App.3d 157, 164, 724 N.E.2d 828. Rather, it must simply be "satisfied" that the dispute is referable to arbitration under such an agreement. Apparently, the court was not satisfied that an agreement to arbitrate exists by simply looking at the contract in light of some ambiguous clauses it contained. One method of being "satisfied" involves holding an evidentiary hearing on the existence of an enforceable arbitration agreement. That appears to be what the trial court intended to do here. Its January 7, 2002 entry states that "there is an issue as to whether there was a meeting of the minds as to submission to arbitration." Thus, the entry of January 7, 2002 is clearly interlocutory because it contemplates further proceedings on that issue and the merits of appellant's motion for a stay. When the court has decided whether the contract contains an enforceable arbitration agreement, it will then issue a final appealable order on the appellant's motion for a stay.
Accordingly, we dismiss the appeal for lack of jurisdiction and remand the matter to the trial court for an evidentiary hearing to resolve the factual questions concerning the very existence of an agreement to arbitrate and a final ruling on appellant's motion for a stay. The trial court is instructed to proceed with such a hearing prior to taking any further action on the appellee's underlying contract claim.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] {¶ a} R.C. 2711.02 states:
{¶ b} If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
[2] {¶ a} R.C. 2711.03 states:
{¶ b} The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided for the service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding there under, the proceeding shall be dismissed. If the jury finds that an argument for arbitration was made in writing and that there is a default in proceeding there under, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement.